# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re   DAVID C. MARCHESE | : | Chapter 7 |
| | : | |
| | : | Bankruptcy No. 16-13810-ELF |
| **Debtor** | : | |
| | : | |
| | : | |
| GARY SEITZ, | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | Adversary No. 17-189ELF |
| JAMES MCCAULEY | : | |
| GERALD MULLANEY, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

..........................................

# PRETRIAL ORDER
..........................................

**AND NOW,** the Plaintiff having filed an adversary proceeding and the Defendant(s) having filed a responsive pleading, it is hereby **ORDERED** that:

1. If not already filed, any party that is subject to Fed. R. Bankr. P. 7007.1 shall file the required disclosure **on or before SEPTEMBER 13, 2018**.

2. **On or before SEPTEMBER 27, 2018**, the parties shall file a Joint Statement whether they consent to participate in the court-annexed mediation program and transmit a copy of the joint statement to chambers and:

    a.    If the parties consent to mediation, the Joint Statement shall either:

        i.    request that the court appoint a specific individual to serve as

-1-

       mediator;

    ii.  request that the court appoint a specific individual who has indicated a willingness and ability to serve as mediator, <u>see</u> ¶ 2.b. below, from a list of no more than three (3) names; or

    iii.  advise the court that the parties cannot locate or cannot agree upon an individual to serve as mediator

  b.  Prior to the submission of a Joint Statement that provides a list of one (1) or more mediators acceptable to the parties, the parties shall contact each potential appointee to determine whether the person is willing to serve as mediator and whether that person has preliminarily determined that he or she is not disqualified under L.B.R. 9019-2(i).

3. **On or before SEPTEMBER 27, 2018**, counsel shall have held and concluded the mandatory discovery conference pursuant to Fed. R. Civ. P.. 26(f), incorporated into these proceedings by Fed. R. Bankr. P. 7026. During said conference, the parties shall discuss how to proceed with general discovery and electronic discovery and shall consider whether the discovery and pretrial schedule detailed below in this order is appropriate in this proceeding.

4. **On or before OCTOBER 4, 2018**, after the conclusion of the parties' discovery conference, <u>should the parties propose a discovery or pretrial schedule that differs from the one below</u>, they shall file with the bankruptcy court a report on discovery, as mandated by Fed. R. Civ. P.. 26(f). The parties shall detail those differences in their Rule 26(f) report, along with the reasons therefor. The court may, when appropriate, order a hearing based on the information found in the Rule 26(f) report. <u>If the parties are in agreement with the discovery schedule outlined herein, no report need be filed unless there are objections to the initial discovery disclosures</u>.

5. The following discovery and trial schedule shall be considered by the parties in their

deliberations at their discovery conference:

   a. All discovery shall be completed **on or before NOVEMBER 29, 2018**.

   b. All expert witnesses shall be identified and a copy of each expert's report shall be provided to every other party, in accordance with Fed. R. Civ. P. 26(a)(2) **on or before NOVEMBER 15, 2018**.

   c. All discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be served on opposing parties and filed with the bankruptcy court **on or before DECEMBER 20, 2018**.

   d. Any objections to Rule 26(a)(3) disclosures shall be served on opposing counsel and filed with the bankruptcy court **on or before DECEMBER 27, 2018.**

   e. All motions to amend the pleadings, or for summary judgment, shall be filed **on or before JANUARY 10, 2019**.[1]  If such a motion or motions is/are filed, the parties are **not relieved** of their obligation to comply with the terms of the balance of this Pretrial Order.  If such a motion or motions is/are filed, the parties are **not relieved** of their obligation to comply with the terms of the balance of this Pretrial Order.

   f. A Joint Pretrial Statement shall be filed in accordance with Local Bankruptcy Rule 7016-1 **on or before JANUARY 17, 2019**.

6. Unless a more specific court rule applies, in addition to those subdivisions of L.B.R. 9014-3 incorporated by L.B.R. 7005-1(a), L.B.R. 9014-3(h)(1) shall apply to all motions filed this adversary proceeding.

7. A mandatory final pretrial/settlement conference shall be held on **JANUARY 23, 2019, at 10:00 a.m., Bankruptcy Courtroom No. 1, Robert N.C. Nix Federal Building & Courthouse, 900 Market Street, Second Floor, Philadelphia, Pennsylvania.**

---

[1] A motion for summary judgment shall include a separate statement of those material facts that the movant contends are not in dispute with supporting citations to the record.  Failure to comply with this requirement shall be grounds for summary denial of the motion.

8. All trial exhibits shall be pre-marked and exchanged at least three (3) business days prior to the date of trial. In addition, a full set of exhibits shall be prepared and provided to the court at the commencement of the trial.

**Date: September 6, 2018**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**