IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>DAVID C. MARCHESE,<br><br>　　　　　　　Debtor. | CHAPTER 7<br><br>BANKRUPTCY NO. 16-13810 - ELF |
| **GARY F. SEITZ, TRUSTEE,**<br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>**JAMES McCAULEY t/a McCAULEY ASSOCIATES LIMITED PARTNERSHIP, GERALD MULLANEY and HOPWOOD FARM, LLC,**<br><br>　　　　　**Defendants.** | **ADVERSARY NO. 17-189-ELF** |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
RULE 26(a)(3) PRETRIAL DISCLOSURES**

Pursuant to Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(a)(3), Defendants, James McCauley ("McCauley"), McCauley Associates Limited Partnership ("MALP"), Gerald Mullaney ("Mullaney") and Hopwood Farm, LLC ("Hopwood" and together with McCauley, MALP and Mullaney, the "Defendants"), by their counsel, Weir & Partners LLP, hereby submit the following objections to Plaintiff's pretrial disclosures:

**WITNESSES**

Defendants object to any intended use of testimony by any identified witness, including Philip Suitovsky, Michael Wolf or Gregory Philips for the purpose of issuing any expert opinion

as Plaintiff has not identified any witness that it has engaged and anticipates will be called to present expert testimony in this adversary proceeding.

## EXHIBITS

Defendants object to the following documents and exhibits:

1. P-9-P-13 - Deposition transcripts and exhibits for James McCauley and Gerald Mullaney.

Grounds for objection:

Defendants object to the introduction of entire copies of deposition transcripts as exhibits and because such testimony is (1) hearsay pursuant to Fed. R. Evid. 801; (2) lacks proper foundation; (3) is not properly authenticated pursuant to Fed. R. Evid. 901 & 902; (4) violates the best evidence rule: Fed. R. Evid. 1002 and to the extent (5) it is irrelevant: Fed. R. Evid. 401 & 403.

2. P-14 – Tax Returns

Grounds for objection: Defendants object to the introduction of tax returns to the extent that such documents (1) constitute hearsay pursuant to Fed. R. Evid. 801; and (2) is not properly authenticated pursuant to Fed. R. Evid. 901 & 902.

3. P-16 – Gregory Philips' emails and letters to Gerald Mullaney.

Grounds for objection:

Without identifying the document more specifically, Defendants have no way of knowing the nature or contents of such anticipated documents. As a result, Defendants object to all such documents as (1) hearsay: Fed. R. Evid. 801; (2) lacking foundation; (3) lacking authentication: Fed. R. Evid. 901 & 902; (4) violating the best evidence rule: Fed. R. Evid. 1002 and as (5) irrelevant: Fed. R. Evid. 401 &403.

  4.  P-24 – Email McCauley to John Dooley

Grounds for objection:

Defendants object to this document to the extent that it contains privileged communications between McCauley and counsel.

  5.  P-27 – Emails from McCauley's accountant

Grounds for objection:

Without identifying the documents more specifically, Defendants have no way of knowing the nature or contents of such anticipated documents. As a result, Defendants object to all such documents as (1) hearsay: Fed. R. Evid. 801; (2) lacking foundation; (3) lacking authentication: Fed. R. Evid. 901 & 902; (4) violating the best evidence rule: Fed. R. Evid. 1002 and as (5) irrelevant: Fed. R. Evid. 401 &403.

  6.  P-29 – John Dooley emails to Mike Southard

Grounds for objection:

Without identifying the documents more specifically, Defendants have no way of knowing the nature or contents of such anticipated documents. As a result, Defendants object to all such documents as (1) hearsay: Fed. R. Evid. 801; (2) lacking foundation; (3) lacking authentication: Fed. R. Evid. 901 & 902; (4) violating the best evidence rule: Fed. R. Evid. 1002 and as (5) irrelevant: Fed. R. Evid. 401 &403.

  7.  P-33 – Emails McCauley to Gerald Mullaney

Grounds for objection:

Without identifying the documents more specifically, Defendants have no way of knowing the nature or contents of such anticipated documents. As a result, Defendants object to all such documents as (1) hearsay: Fed. R. Evid. 801; (2) lacking foundation; (3) lacking

authentication: Fed. R. Evid. 901 & 902; (4) violating the best evidence rule: Fed. R. Evid. 1002 and as (5) irrelevant: Fed. R. Evid. 401 &403.

  8.  P-35 – Letter American Acquisition October 10, 2011

Grounds for objection:

Defendants object to this document for all of the reasons stated on the record during the deposition of Gerald Mullayen and, more particularly because such document (1) is hearsay: Fed. R. Evid. 801; (2) lacks foundation; (3) lacks authentication: Fed. R. Evid. 901 & 902; (4) and (5) is irrelevant: Fed. R. Evid. 401 & 403.

  9.  P-36 – Discovery documents provided by McCauley re: Supplemental Requests

Grounds for objection:

Without identifying the documents more specifically, Defendants have no way of knowing the nature or contents of such anticipated documents. As a result, Defendants object to all such documents as (1) hearsay: Fed. R. Evid. 801; (2) lacking foundation; (3) lacking authentication: Fed. R. Evid. 901 & 902; (4) violating the best evidence rule: Fed. R. Evid. 1002 and as (5) irrelevant: Fed. R. Evid. 401 &403.

            WEIR & PARTNERS LLP

            BY: /s/ Jeffrey S. Cianciulli
              Jeffrey S. Cianciulli, Esquire
Date:  December 27, 2018      *Counsel for Defendants*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>DAVID C. MARCHESE,<br><br>Debtor. | CHAPTER 7<br><br>BANKRUPTCY NO. 16-13810 - ELF |
| **GARY F. SEITZ, TRUSTEE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JAMES McCAULEY t/a McCAULEY ASSOCIATES LIMITED PARTNERSHIP, GERALD MULLANEY and HOPWOOD FARM, LLC,**<br><br>**Defendants.** | **ADVERSARY NO. 17-189-ELF** |

## CERTIFICATE OF SERVICE

I, Jeffrey S. Cianciulli, hereby certify that on December 27, 2018, I did cause to be served a true and correct copy of **DEFENDANTS' OBJECTION TO PLAINTIFF'S RULE 26(a)(3) PRETRIAL DISCLOSURES** *via* ECF transmission and first class mail, postage prepaid, upon the following:

Robert J. Birch, Esquire
808 Bethlehem Pike, Suite 200
Colmar, PA 18915
Attorney for Plaintiff

/s/ Jeffrey S. Cianciulli
Jeffrey S. Cianciulli