IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>DAVID C. MARCHESE,<br><br>　　　　　　　　　Debtor. | CHAPTER 7<br><br>BANKRUPTCY NO. 16-13810 - ELF |
| **GARY F. SEITZ, TRUSTEE,**<br><br>　　　　　　　　　**Plaintiff,**<br><br>**v.**<br><br>**JAMES McCAULEY t/a McCAULEY ASSOCIATES LIMITED PARTNERSHIP, GERALD MULLANEY and HOPWOOD FARM, LLC,**<br><br>　　　　　　　　　**Defendants.** | **ADVERSARY NO. 17-189-ELF** |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF DEFENDANTS FOR SUMMARY JUDGMENT**

Defendants James McCauley t/a McCauley Associates, L.P. ("MALP"),

Gerald Mullaney ("Mullaney"), and James McCauley individually ("McCauley")[1],

---

[1] While James McCauley is not named as a defendant individually in the caption in the Amended Complaint, the body of the complaint addresses James McCauley as a defendant "individually and t/a McCauley Associates Limited Partnership[]". Further, the Amended Complaint defines "McCauley" as both James McCauley individually and McCauley Associates, L.P.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..........................................................................    ii

I.    RELEVANT PROCEDURAL HISTORY .......................................    2

II.    UNDISPUTED FACTS .......................................................    4

III.    ARGUMENT ...................................................................    5

A.    Standard of Review..........................................................    5

B.    James McCauley Never was a Party to the Hopwood
       Operating Agreement and, Therefore, as a Matter of Law,
       is Entitled to Judgment on Count I and Count III of the
       Amended Complaint ........................................................    6

C.    Trustee Lacks Standing to Prosecute Claims that are Derivative......    7

D.    James McCauley Never was a Member or Manager of
       Hopwood and Therefore Owed no Duty to Hopwood or
       any Member .....................................................................    10

E.    Any Claim for Usurpation of Corporate Opportunity Fails
       as a Matter of Law because Hopwood was not Able to
       Undertake the Opportunity................................................    12

F.    The Trustee's Claims Against MALP as Barred by the
       Doctrine of Res Judicata ...................................................    15

G.    Count IV (Constructive Trust/Usurpation of Opportunity)
       is Time Barred..................................................................    16

H.    Plaintiff Failed to Make Appropriate Demand Prior to Filing
       the Amended Complaint ...................................................    17

I.    Plaintiff Failed to Obtain Authorization from Disinterested
       Members Prior to filing Amended Complaint ........................    19

i

J.      All Claims Asserted by Trustee in the Amended Complaint
        by Virtue of the Stipulation with JDM Estate are Time Barred ........    20

IV.     CONCLUSION ..................................................................................    22

# TABLE OF AUTHORITIES

*Cases*

*In re: Alcide*
450 B.R. 526, 534-535 (Bankr. E.D. Pa. 2001) ................................................. 8

*Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*
833 A.2d 961 (Del.Ch. 2003) .......................................................................... 13

*Balent v. City of Wilkes-Barre*
542 Pa. 555 (669 A.2d 309, 313 (1995)) .......................................................... 15

*Bolla v. Strickland,*
304 Fed. Appx. 22 (3d Cir. 2008) ..................................................................... 5

*Celotex Corp. v. Catrett*
477 U.S. 317, 327 (106 S.Ct. 2548) ................................................................. 5

*Com., State Public School Bldg. Authority v. Noble C. Quandel Co.*
137 Pa. Cmwlth. 252 (1991) ........................................................................... 6

*Crown Slate Co. v. Allen*
199 Pa. 239 (1901) ........................................................................................ 6

*CST, Inc. v. Mark*
360 Pa. Super. 303, 308-309 (1987) ................................................................. 13

*Hirsch v. Arthur Andersen & Co.*
72 F. 3d 1085, 1093 (2d. Cir.1995) .................................................................. 8

*Jackson v. Beard,*
365 Fed. Appx. 332 (3d Cir. 2010) ................................................................... 4

*Josey v. John R. Hollingsworth Corp.*
996 F. 2d 632 ............................................................................................... 5

*LSI Title Agency, Inc. v. Evaluation Servs.*
951 A.2d 384, 391 (Pa.Super. 2008) ................................................................ 6

*Manor Junior College v. Kaller's Inc.*
352 Pa.Super. 310, 318 (1986) ........................................................... 6

*Motor Carrier Audit & Collection Co. v. Lighting Products, Inc.*
113 B.R. 424 (N.D. Ill  1989) ............................................................. 21

*Quantel Corp. v. Niemuller*
771 F. Supp. 1361, 1367 (S.D.N.Y. 1991) ........................................ 8

*Ragnar  Benson, Inc. v. Bethel Mart Associates*
308 Pa.Super. 405 (454 A.2d 599 (1982)) ........................................ 16

*Robinson v. Brier*
412 Pa. 255, 257 (194 A.2d 204, 206 (1963)) ................................... 13

*Ross v. Bernhard*
396 U.S. 531, 538 (90 S.Ct. 733) ...................................................... 8

**Statutes**

15 Pa. C.S. §§ 8901*, et seq.* ............................................................. 11

15 Pa. C.S. §§ 8811 ........................................................................... 11

15 Pa. C.S. §§ 8882 ........................................................................... 17

15 Pa. C.S. §§ 8992 ........................................................................... 17

11 U.S.C. § 108 ................................................................................. 6

**Secondary Sources**

Am. Jur. 2d, Corporations § 1313 ..................................................... 13

by and through their counsel, Weir & Partners LLP, hereby submit the following

memorandum of law in support of their Motion for Summary Judgment.

## I.   RELEVANT PROCEDURAL HISTORY

On July 3, 2017, Gary F. Seitz ("Trustee" or "Plaintiff"), Chapter 7 Trustee

for the estate of David C. Marchese ("Debtor"), commenced this adversary

proceeding by removing to the Bankruptcy Court a state court action the Debtor

filed in 2011 in Montgomery County. *See*, D.I. #1. On July 25, 2017, the Trustee

filed a second and substantively different complaint in this adversary proceeding,

asserting transfer avoidance causes of action based on 11 U.S.C. §§544, 548 and

550, but not the business torts described in the then removed state court complaint.

Trustee confirmed to the Court that it was the avoidance causes of action that

Trustee sought to prosecute, not the business tort claims in the removed state court

complaint.   The Defendants filed a motion to dismiss the avoidance action

complaint, which was granted by this Court on November 28, 2017, though with

leave to amend.

On December 15, 2017, the Trustee filed an Amended Complaint

("Amended Complaint"), in which the trustee asserted breach of contract and

business tort (breach of fiduciary duty) claims against the Defendants, which

though not identical to those that had been asserted by the Debtor in the removed

state court complaint, are based on the same underlying set of facts.

2

The Defendants filed a motion to dismiss the Amended Complaint on January 19, 2018.  By order and memorandum opinion dated July 16, 2018, this Court denied the motion to dismiss in all respects except as to Count II of the Amended Complaint against Mullaney as to which, after additional briefing by the parties, the Court granted summary judgment in favor of Mullaney by Order dated August 20, 2018.

Mullaney has moved separately for summary judgment on Count I and Count III of the Amended Complaint (the contract-based claims) on the continuing theory, presented at an earlier stage of the case and now developed through the end of discovery, establish that contract claims too are time-barred.

The Defendants, including Mullaney, jointly move herein for summary judgment for the following reasons:

1. James McCauley, individually, is not a party to the Operating Agreement and, therefore, James McCauley, individually is entitled to judgment as a matter of law on the Trustee's contract claims – Counts I and III;

2. All claims seeking relief derivatively, on behalf of Hopwood Farm, LLC ("Hopwood") must be dismissed because (a) the Trustee lacks standing to assert such claims on behalf of Hopwood; and (b) the Stipulation between JDM Estate and the Trustee did confer any right to file claims derivatively on behalf of Hopwood;

3

3. McCauley, individually, never was a member or manager of Hopwood and, as a result, never owed any duty to Hopwood or any member;

4. Any Claim for Usurpation of Corporate Opportunity Fails as a Matter of Law because Hopwood was not Able to undertake the Opportunity;

5. The Trustee's Claims Against MALP are barred by the Doctrine of Res Judicata;

6. Count IV (Constructive Trust/Usurpation of Opportunity) is Time Barred;

7. The Trustee failed to make appropriate demand upon Hopwood prior to asserting derivative claims on its behalf;

8. Plaintiff Failed to Obtain Authorization from Disinterested Members Prior to filing Amended Complaint; and

9. All Claims Asserted by Trustee in the Amended Complaint by Virtue of the Stipulation with JDM Estate are Time Barred.

## II.   UNDISPUTED FACTS

Defendants incorporate herein their Statement of Material Facts not in Dispute, submitted to the Court in connection with this Motion for Summary Judgment.

4

## III.   ARGUMENT

### A. Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a court shall grant a motion for summary judgment when, "viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Bolla v. Strickland*, 304 Fed. Appx. 22, 23 (3d Cir. 2008); see *also Jackson v. Beard*, 365 Fed. Appx. 332 (3d Cir. 2010). The non-moving party may not rely solely on the pleadings in opposing a summary judgment but, rather, must respond with specific facts showing a genuine issue for trial. See *Bolla*, 304 Fed. Appx. at 23.   As the Supreme Court has indicated, "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding a motion for summary judgment, the judge's function is to determine if there is a genuine dispute for trial. *Josey v. John R. Hollingsworth Corp.,* 996 F.2d 632, 637 (3d Cir.1993).

The Trustee's remaining claims for breach of the covenant of good faith and fair dealing, breach of contract and breach of fiduciary duty must be dismissed for all of the following reasons.

**B. James McCauley Never was a Party to the Hopwood Operating Agreement and, Therefore, as a Matter of Law, is Entitled to Judgment on Count I and Count III of the Amended Complaint**

The Trustee's claims in Count I (Breach of the Operating Agreement) and Count III (Breach of Duty of Good Faith and Fair Dealing) are contract-based claims. *LSI Title Agency, Inc. v. Evaluation Servs.*, 951 A.2d 384, 391 (Pa.Super. 2008). In particular, both counts rely on the existence of the Hopwood Operating Agreement and moreover, rely on allegations that James McCauley, individually, was a party to the Hopwood Operating Agreement or that McCauley "assumed managerial duties". Amended Complaint, ¶69.

As a general rule, an action on a contract cannot be maintained against a person who is not a party to the contract as privity of contract is essential to the right to maintain a lawsuit on the contract. *Com., State Public School Bldg. Authority v. Noble C. Quandel Co.*, 137 Pa. Cmwlth. 252 (1991); *Crown Slate Co. v. Allen*, 199 Pa. 239 (1901); *Manor Junior College v. Kaller's Inc.*, 352 Pa.Super. 310, 318 (1986).

As there exists no genuine issue of material fact that James McCauley, individually, never was a party to the Hopwood Operating Agreement, as a matter of law, James McCauley is entitled to judgment against the Trustee on the contract-based claims. Moreover, the only evidence that exists as to who was the appointed manager of Hopwood Farm, LLC is that Mullaney was the manager until February

23, 2012.  Exhibit "A" (Hopwood Operating Agreement); Exhibit "B" (Mullaney Resignation).  As all of the alleged breaches in Count I of the Amended Complaint (¶¶66-75) relate to alleged actions that occurred prior to Mullaney's resignation, and as on the face of the Operating Agreement, MALP, and not McCauley individually, was the member of Hopwood, the Trustee's claims against McCauley individually, if any were actually intended, are defective as a matter of law and judgment must be entered in favor of McCauley.    Exhibit "C" (McCauley Affidavit); Exhibit "A" (Hopwood Operating Agreement).

### C. Trustee Lacks Standing to Prosecute Claims that are Derivative in Nature

In this Court's July 16, 2018 Memorandum Opinion, the Court declined to decide whether the Trustee has standing to assert claims derivatively on behalf of Hopwood, as that issue had not directly been raised in the Defendants' motion to dismiss the Amended Complaint.    However, the Court did address what it preliminarily viewed to be the nature of the claims asserted by the Trustee in the Amended Complaint – whether direct or derivative.  *See* July 16, 2018 Memorandum Opinion, p. 10-11.    The Court also addressed the standard for determining whether standing exists.  To establish standing, a party in interest in a bankruptcy case must have some legally protected interest that either has been adversely affected (thereby warranting judicial relief) or that is in actual danger of being adversely affected (if relief is not granted). *In re Alcide*, 450 B.R. 526, 534-

7

535 (Bankr. E.D. Pa. 2001)("inherent in the requirement that a party in interest must have some 'legally protected' interest is the additional requirement that the party must be asserting its own rights and not that of another entity." *Id.*  Since a bankruptcy trustee stands in the shoes of the debtor, he has standing only to bring those actions that the debtor could have brought, not those that assert the rights of others. *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1093 (2d Cir.1995)(In the context of a corporate debtor).

In the context of derivative claims, while often the equity holder institutes a derivative action, such claims are, by definition, instituted on behalf of, and for the benefit of, the company, for an injury to the company – asserting the rights of the company. *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970).  However, equity holders lack standing to maintain an action on their own behalf to redress injuries to a corporation because it is the corporation who is the real party in interest. *Qantel Corp. v. Niemuller*, 771 F.Supp. 1361, 1367 (S.D.N.Y.1991). Any recovery from a derivative suit inures to the corporation, not to the shareholders who instituted the suit. *Ross*, 396 U.S. at 538, 90 S.Ct. 733. This is consistent with the law that the claim pressed by the stockholder in a derivative action is not his own but the corporation's.  *Id.*, 396 U.S. at 538.

In this case, any aspects of the claims in the Amended Complaint that are asserted derivatively, on behalf of Hopwood, or that otherwise seek damages that,

8

if such claims were successful, would be payable to Hopwood, are made for the benefit of Hopwood, not the Debtor or his estate. Defendants believe that, as a matter of law, the claims asserted in the following counts of the Amended Complaint must be dismissed because the Trustee lacks standing[2]:

A. Count I, insofar as the Trustee is asserting that the alleged breaches of contractual obligations caused Hopwood to lose property and rights;

B. Count II, insofar as the Trustee is asserting that the alleged breaches of duties resulted in harm to Hopwood and its property;

C. Count III, insofar as the Trustee is asserting that Defendants owed contractual obligations (duty of good faith and fair dealing) to Hopwood Farm, LLC and violated such duties causing Hopwood damage; and

D. Count IV because, as a claim seeking the imposition of a constructive trust for usurpation of corporate opportunity, Count IV necessarily is a claim for relief due to alleged damage to Hopwood and, therefore derivative rather than a claim of the Debtor.

Defendants respectfully seek appropriate entry of judgment in their favor and against the Trustee on all counts, claims and issues raised derivatively in the Amended Complaint.

---

[2] Nowhere in the Complaint is Hopwood named as a plaintiff. The only named plaintiffs in the Amended Complaint are "David C. Marchese" and the Trustee. Amended Complaint ¶1-2. This failure constitutes an independent basis for entry of judgment on any purported derivative claims asserted on behalf of Hopwood.

### D. James McCauley Never was a Member or Manager of Hopwood and Therefore Owed no Duty to Hopwood or any Member

Plaintiff claims in his Amended Complaint that "McCauley . . . acted at all relevant times as Hopwood's Manager, or *de facto* manager." Amended Complaint, ¶ 77. This allegation is directly contradicted by McCauley's affidavit as well as the Mullaney Resignation, which confirms that Mullaney, not McCauley or any other person or entity, was the manager of Hopwood, at least through February 23, 2012, which was nearly five months <u>after</u> MALP purchased the debt owed by Hopwood to American (as assignee from Harleysville National Bank). Exhibit "C" (McCauley Affidavit); Exhibit "B" (Mullaney Resignation).

Moreover, it is not, and cannot seriously be disputed that James McCauley is not, and never has been, a member of Hopwood Farm, LLC. *See* Exhibit "C" (Affidavit of McCauley); Exhibit "G" (Affidavit of Mullaney); Exhibit "A" (Hopwood Operating Agreement). Rather, MALP was, at all times relevant, a minority member of Hopwood, holding a 12.5% membership interest. *Id.*

Hopwood Farm, LLC is a manager managed Pennsylvania Limited Liability Company. *See* Exhibit "D" (Certificate of Organization). Pursuant to Section 10.2 of the Operating Agreement, Mullaney was "appointed to serve as Manager, President and Chief Executive Officer". Mullaney remained the Manager until February 23, 2012 when, in accordance with Section 10.5 of the Operating Agreement, he resigned. Exhibit "B" (Mullaney resignation). There exists no

10

evidence in the record of this adversary proceeding that the members of Hopwood

Farm, LLC, including the Debtor, appointed any manager for Hopwood Farm,

LLC after Mullaney's resignation.  Exhibit "C" (Affidavit of McCauley); Exhibit

"G" (Affidavit of Mullaney).

Virtually all of the critical events at issue in this adversary proceeding

occurred between 2005 (the formation of Hopwood) and 2015 (the Sheriff sale of

the Property). July 16, 2018 Memorandum Opinion, p. 21.    During that time,

Pennsylvania LLCs were governed by the Limited Liability Company Act of 1994,

as amended in 2001 ("the 1994 Act"). P.L. 703, No. 106, former 15 Pa. C.S. §§

8901 et seq.    The 1994 Act was repealed and replaced in 2016 by the

Pennsylvania's adoption of the Revised Uniform Limited Liability Company Act

(2006) (last amended 2013) (the "2016 Act"). 15 Pa. C.S. §§ 8811 et seq.

However, as addressed by this Court in its July 16, 2018 Memorandum Opinion,

the "substantive law governing the rights of Hopwood and its members is the 1994

Act, while the procedural aspects are governed by the 2016 Act." July 16, 2018

Memorandum Opinion, p. 22.

Section 8943 of the 1994 Act specifically provides that for limited liability

companies such as Hopwood, which are managed by a manager, "[a] member who

not a manager shall have no duties to the company or to the other members solely

by reason of acting in his capacity as a member." Here, Defendants seek dismissal

of all claims addressed to alleged fiduciary duties asserted against MALP and against James McCauley, because:

1. James McCauley never was a member or manager of Hopwood and, as a result, owed no duties to any member or to Hopwood;

2. MALP, as a member owed no duty to any other member or to Hopwood; and

3. There exists no evidence in the record to support that either MALP or McCauley became a manager of Hopwood, whether "de facto" or otherwise and, therefore, neither owed a duty to any member or to Hopwood as a manager under then prevailing law – the 1994 Act.

Defendants respectfully seek appropriate entry of judgment in their favor and against Plaintiff.

### E. Any Claim for Usurpation of Corporate Opportunity Fails as a Matter of Law because Hopwood was not Able to undertake the Opportunity

Even should this Court determine that the Trustee enjoys standing to assert a derivative claim seeking equitable relief for alleged usurpation of corporate opportunity (Amended Complaint, Count IV) on behalf of Hopwood, the claim must fail as a matter of law because there exists no material dispute that Hopwood was financially unable to undertake the opportunity.

Even where a corporate officer or director is under a fiduciary obligation not to divert a corporate business opportunity for his own personal gain, this obligation is tempered by the simple truth that the corporation must be financially able to undertake the opportunity.  Am. Jur. 2d, Corporations § 1313.  Stated otherwise, an opportunity ceases to be a corporate opportunity and becomes personal when the corporation is definitely not able to avail itself of it.  CST, Inc. v. Mark, 360 Pa. Super. 303, 308-309 (1987). *Robinson v. Brier*, 412 Pa. 255, 257, 194 A.2d 204, 206 (1963); *Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*, 833 A.2d 961 (Del. Ch. 2003); Am. Jur. 2d, Corporations § 1313.

There exists no material dispute that Hopwood did not have the financial ability to take advantage of any opportunity to resolve its financial troubles, whether by purchasing the loan or to otherwise adjust its loan with the lender at any time prior the time when MALP purchased the debt from American.  In point of fact, when the subject Loan[3] fell into default as a result of Hopwood's failure to make payments, all of the members of Hopwood made efforts to seek replacement financing for Hopwood.  Exhibit "C" (Affidavit of McCauley); Exhibit "G" (Affidavit of Mullaney).  Despite their efforts, Hopwood was unable to secure replacement financing and Hopwood had no financial ability to fund any additional

---

[3] The loan was originated by Harleysville National Bank in the amount of $1,235,000.00 and was ultimately sold to American Acquisition Property VIII, LLC.  Exhibit "C" (Affidavit of McCauley); Exhibit "G" (Affidavit of Mullaney); Amended Complaint, ¶13.

payments on the loan, let alone the repayment of the loan or the purchase the Loan, even at a discount. Exhibit "C" (Affidavit of McCauley). Moreover, despite numerous negotiations with American during the time period from 2010 through the summer of 2011 for forbearance or a restructure, those negotiations with American were unsuccessful. Exhibit "C" (Affidavit of McCauley); Exhibit "G" (Affidavit of Mullaney). As Hopwood was not financial able to avail itself of any opportunity to save the project or resolve the issues regarding the Loan, any such opportunity regarding the Loan, as a matter of law, ceased to be an opportunity of Hopwood and MALP[4] (as well as any other member) was free to take the opportunity for itself. McCauley On August 15, 2011, MALP entered into an agreement with American whereby it took by assignment the obligations owing by Hopwood to American in exchange for the payment of $550,000.00. Exhibit "C" (Affidavit of McCauley).

Defendants respectfully request that judgment be entered in their favor and against Plaintiff.

---

[4] Though Count IV of the Amended Complaint is unclear as to which Defendant it seeks the imposition of a constructive trust, there exists no evidence that either Mullaney or McCauley, in their individual capacities, purchased the debt. As a result, to the extent that Count IV is asserted against the individuals, it ought, as a matter of law, be dismissed as there is no material allegation that either individual usurped any opportunity. Rather, the record is clear that MALP purchased the loan. Exhibit "C" (Affidavit of McCauley)

### F. The Trustee's Claims Against MALP are Barred by the Doctrine of Res Judicata

Res judicata, or claim preclusion, applies when there exists a "coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued." *Balent v. City of Wilkes-Barre*, 542 Pa. 555, 669 A.2d 309, 313 (1995). When res judicata applies, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *Id.* Beyond precluding just those claims that were "actually litigated" in the first adjudication, res judicata also precludes those "claims which could have been litigated during the first proceeding if they were part of the same cause of action." *Id.*

In the state court foreclosure case, MALP sought and obtained a judgment on the merits in mortgage foreclosure against Hopwood. Exhibit "E" (Judgment in Mortgage Foreclosure). It is clear that both Hopwood and Debtor had ample knowledge of the foreclosure case as Hopwood filed an Answer and New Matter to the foreclosure complaint (verified by the Debtor on behalf of Hopwood) and actively defended against the foreclosure for a period of time before counsel to Hopwood withdrew its representation. Exhibit "F" (Answer/New Matter to

15

Foreclosure Complaint).   Moreover, in the foreclosure case, Hopwood, by and through the Debtor, actually litigated, by way of its new matter, its allegation that MALP had breached its fiduciary and contractual duties to Hopwood by purchasing the underlying loan and thereafter foreclosing on the mortgage.  *Id*.

To the extent that this Court determines that the Trustee enjoys standing to raise derivative claims against the Defendants, those claims should, nevertheless be dismissed because in the state court foreclosure case MALP obtained a final, valid judgment on the merits, and litigation of the same cause of action or, importantly, claims which could have been litigated, are precluded as between MALP and Hopwood.

### G. Count IV (Constructive Trust/Usurpation of Opportunity) is Time Barred

The Pennsylvania Rules of Civil Procedure allow amendments to complaints in order to introduce a new cause of action, as long as the statute of limitations on such action has not run. Pa.R.Civ.P.1033; *Ragnar Benson, Inc. v. Bethel Mart Associates*, 308 Pa. Super. 405, 454 A.2d 599 (1982).  While this Court permitted the Trustee to amend his complaint (after dismissal of the avoidance claims complaint), including to assert the type of claims that had been asserted by the Debtor in the state court Amended Complaint that was removed to Bankruptcy Court, at no point prior to December 2017, when the Trustee filed its Amended

16

Complaint in this adversary proceeding, did any party, either the Debtor or the Trustee, assert a claim entitling it to any constructive trust as a remedy.  As the claim asserted in Count IV of the Amended Complaint was not asserted prior to December, 2017, and as Hopwood certainly knew of the alleged usurpation by no later than October 26, 2012, the date it filed its answer in the foreclosure case, the Trustee is now time barred from doing so.

### H. Plaintiff Failed to Make Appropriate Demand Prior to Filing the Amended Complaint

As confirmed by this Court in its July 16, 2018 Memorandum Opinion, procedural issues in this adversary proceeding shall be governed by the 2016 Act.

Section 8882 of the 2016 Act outlines when a derivative action can be brought.  It provides that:

> (a) General rule.--Subject to subsection (b), a member or manager may maintain a derivative action to enforce a right of a limited liability company only if:
> (1) **the plaintiff first makes a demand on the other members in a member-managed limited liability company, or the managers of a manager-managed limited liability company, requesting that they cause the company to bring an action to enforce the right** and:
> (i) if a special litigation committee is not appointed under section 8884 (relating to special litigation committee), the company does not bring the action within a reasonable time; or
> (ii) if a special litigation committee is appointed under section 8884, a determination is made:
> (A) under section 8884(e)(1) that the company not object to the action; or

17

(B) under section 8884(e)(5)(i) that the plaintiff continue the
action;

(2) demand is excused under subsection (b);

(3) the action is maintained for the limited purpose of seeking
court review under section 8884(f); or

(4) the court has allowed the action to continue under the control
of the plaintiff under section 8884(f)(3)(ii).

(emphasis added)

The Amended Complaint is completely devoid of any allegation that
Plaintiff made a demand upon any other members requesting that Hopwood sue
any member or manager and, moreover, discovery has not uncovered any such
demand. Moreover, there is no permissible excuse for the failure to make demand
prior to filing the Amended Complaint in December, 2017 or promptly thereafter.

Section 8882 (b) provides:

Prior demand excused.--

(1) A demand under subsection (a)(1) is excused only if the plaintiff
makes a specific showing that irreparable harm to the limited liability
company **would otherwise result**.

(2) If demand is excused under paragraph (1), demand should be made
promptly after commencement of the action.

Here, it is not surprising that Plaintiff makes no effort to show what, if any
irreparable harm to Hopwood would result that would excuse a prior demand as all
of the alleged wrongdoing occurred at least two and as much as six years prior to
the filing of the Amended Complaint. Of course, such past alleged harm, if any, is
not a substitute for Plaintiff's need to establish that present concern of irreparable

harm to Hopwood as an excuse for the legally mandated demand. Therefore, to the extent that this Court determines that Plaintiff has standing in the first instance to assert claims derivatively on behalf of Hopwood, the Amended Complaint was filed in violation of applicable Pennsylvania law in that Plaintiff failed, without justification, to make an appropriate demand prior to filing the Amended Complaint. Defendants respectfully request entry of judgment in their favor and against Plaintiff on all derivative claims.

## I. Plaintiff Failed to Obtain Authorization from Disinterested Members Prior to filing Amended Complaint

Section 8992 of the 1994 Act specifically mandates that any suit on behalf of a limited liability company may be brought in the name of the company, but only by "[a]ny member of the company . . . who is duly authorized to sue by the vote of members entitled to vote who do not have an interest in the outcome of the suit that is adverse to the interest of the company." In this case there are only two members who can be said to have no interest in the outcome of the adversary proceeding, Martin Mullaney and Paul Newlin. Exhibit "G" (Mullaney Affidavit). As a matter of law, therefore, even if the Trustee might otherwise have standing to assert claims on behalf of Hopwood, as there is no evidence in the record that either Martin Mullaney or Paul Newlin authorized the filing of the Amended Complaint, all such claims must be dismissed.

19

J. **All Claims Asserted by Trustee in the Amended Complaint by Virtue of the Stipulation with JDM Estate are Time Barred**

The Trustee filed his Amended Complaint (with leave of the Court), on December 15, 2017. The economic damages alleged by the Trustee that are direct as to the Debtor's prior ownership interest in Hopwood are asserted in this adversary proceeding solely as a result of a stipulation between JDM Estate and the Trustee which "made available" certain "assets" to the Trustee. This stipulation ("Stipulation") appears at D.I. #65 and was approved by an order of this Court entered on October 19, 2016 (D.I. #95). Stated otherwise, in the absence of the Stipulation, the Trustee would have no standing to assert the claims for damage to the economic interest now held by JDM Estate and previously held by the Debtor. Further stated otherwise, those claims are not claims of the Debtor, but rather claims of JDM Estate as to which the Debtor's estate may receive a small percentage of any recovery in accordance with the terms of the Stipulation[5].

Even if this Court is treating the claims asserted in the Amended Complaint as though they "relate back" to the date the original complaint was filed in this adversary proceeding – July 3, 2017, all such claims of JDM Estate are definitively

---

[5] Defendants do not intend, by this argument to waive their position that the Stipulation either (1) never conveyed the right to assert litigation claims in the first place or (2) the time period to do so expired by the terms of the Stipulation.

20

time-barred and no legal concept permitting extension of the limitations period is applicable to JDM Estate's claims.

Whereas 11 U.S.C. §108 applies to extend the applicable limitations period for a trustee to assert claims of a debtor, this section does not apply to extend the time period available to a trustee to assert claims owned by a third party that are "made available" to a trustee. *Motor Carrier Audit & Collection Co. v. Lighting Products, Inc.*, 113 B.R. 424 (N.D. Ill 1989). Since the Trustee is asserting claims owned entirely by JDM Estate pursuant to the terms of the Stipulation, rather than asserting claims of the Debtor, such claims are time barred as of July 3, 2017, and the Trustee is not permitted to use Code §108 to extend any applicable limitations period to such claims. As a result, the Defendants respectfully request judgment in their favor and against the Trustee on all claims asserted on behalf of JDM Estate in the Amended Complaint.

## IV.    CONCLUSION

For the reasons as set forth herein, Defendants respectfully requests this Honorable Court grant their Motion for Summary Judgment and enter judgment in their favor and against Plaintiff.

WEIR & PARTNERS LLP


BY: /s/ Jeffrey S. Cianciulli
      Jeffrey S. Cianciulli, Esquire
      1339 Chestnut Street, Suite 500
      Philadelphia, PA  19107
      Phone (215)665-8181
      Facsimile: (215) 665-8464
      jcianciulli@weirpartners.com
      Attorneys for Defendants

Date: January 10, 2019