# EXHIBIT "C"

EXECUTION COPY

# AFFIDAVIT OF JAMES MCCAULEY
# AND MCCAULEY ASSOCIATES, L.P.

COMMONWEALTH OF PENNSYLVANIA    :
:    ss.
COUNTY OF MONTGOMERY    :

James McCauley, being duly sworn according to law, deposes and says as follows:

1. I am a limited partner of, and sole member of the general partner of, McCauley Associates, L.P. ("MALP") and am authorized to submit this Affidavit on MALP's behalf.

2. I also am individually a defendant in the adversary proceeding styled *Seitz v. McCauley, et al.*, Adversary Proceeding No. 17-189-ELF, currently pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania and I also submit this affidavit on my own behalf.

3. On November 15, 2005, I, on behalf of MALP executed that certain "Hopwood Farm, LLC Limited Liability Company Operating Agreement.

4. As confirmed by its certificate of organization, Hopwood is a manager-managed Pennsylvania limited liability company that was formed on October 27, 2005.

5. I personally have never been either a member or manager of Hopwood.

6. From the inception of Hopwood Farm, LLC until his resignation on February 23, 2012, Gerald Mullaney was the manager of Hopwood Farm, LLC. A copy of which resignation was delivered to all of the Members of Hopwood Farm, LLC, including the Debtor, by email on February 23, 2012.

7. At no point in time did the Members of Hopwood Farm, LLC, including the Debtor, vote to appoint any other person as the Manager of Hopwood Farm, LLC.

EXECUTION COPY

8. Though Hopwood Farm, LLC was formed on October 27, 2005, approximately one month prior to the time that MALP joined as a member, MALP made capital contributions in the amount of $50,000.00 on November 16, 2005 and $132,895.65 on December 15, 2005.

9. In exchange for its initial capital contributions, MALP owned 12.5% of the membership interests of Hopwood.

10. The purpose of the contributions was to provide a substantial part of the non-borrowed part of the purchase price for the property located at 172 Hopwood Road, Upper Providence, PA 19426 (the "Hopwood Property"), which was and is an undeveloped parcel of land that was purchased by Hopwood on December 15, 2005.

11. The total purchase price for the Hopwood Property was $1,900,000 and, to fund the remainder of the purchase price above contributions of members, Hopwood borrowed $1,235,000.00 from Harleysville National Bank (the "Loan").

12. The intention of Hopwood was to develop the Hopwood Property with residential housing, but by 2008, Hopwood was experiencing difficulties with the local governmental authorities in connection with the costs to develop the Hopwood Property as well as the historic crash of the real estate market.

13. Hopwood was unable to pay the monthly payments on the Loan by 2010 and the Loan fell into default and the lender was preparing to exercise its rights, including to collect from the guarantors of the loan, which included MALP and me personally, as well as Marchese, and both Mullaneys.

14. Moreover, David Marchese, by this time was apparently embroiled in certain family disputes and was no longer able to provide monies to Hopwood to fund its expenses.

EXECUTION COPY

15. The members of Hopwood, including Marchese engaged in many discussions seeking to find a solution that would save Hopwood and the Hopwood Property and the members agreed that the solution would be to find replacement financing, if available, as none of the members were willing or able to contribute additional capital to Hopwood under terms that were agreeable to all members. These discussions began immediately upon the default on the Loan and continued into the summer of 2011.

16. Despite numerous efforts to find replacement financing for Hopwood, which efforts were undertaken by both myself and Debtor, financing was not available to Hopwood and Hopwood was otherwise unable to fund any resolution of its default situation regarding the Loan, including a purchase of the Loan from the then holder, American.

17. During this time period, Hopwood made application to no less than five lenders for replacement financing, all of which were denied.

18. Despite numerous negotiations with American for forbearance, the negotiations ultimately were unsuccessful.

19. Hopwood was not financially able to avail itself of any opportunity to save the project or the property or to purchase the loan.

20. Prior efforts having failed and, facing the very real threats of American to come after me on the personal guaranty of the Loan, I liquidated nearly all of my personal assets and contributed those funds to MALP in order for MALP to complete a purchase of the Loan from American.

21. On August 15, 2011, MALP entered into an agreement with American whereby it took by assignment the obligations owing by Hopwood to American in exchange for the payment of $550,000.00.

EXECUTION COPY

_____
James McCauley, individually and
on behalf of MALP

Dated: January 9, 2019

COMMONWEALTH OF PENNSYLVANIA    :
                                : ss.
COUNTY OF MONTGOMERY            :

    On this, the 9 day of January, 2019, before me, a Notary Public in and for the Commonwealth of Pennsylvania, personally appeared James McCauley, who acknowledged himself to be the person whose name is subscribed to the within Affidavit and executed the foregoing Affidavit for the purposes therein contained on behalf of himself and McCauley Associates, L.P. and desired that the same be recorded as such.

    IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public
My Commission Expires 10/26/2022

Commonwealth of Pennsylvania - Notary Seal
Dorine C. Goodridge, Notary Public
Montgomery County
My commission expires October 26, 2022
Commission number 1031306
Member, Pennsylvania Association of Notaries