# EXHIBIT "F"

Gregory R. Cirillo, Esquire
PA Attorney Id. No. 46878
Jordan M. Rand, Esquire
PA Attorney Id. No.: 208671
**DILWORTH PAXSON LLP**
1500 Market Street
Suite 3500E
Philadelphia, PA 19102
(215) 575-7000 - telephone
(215) 575-7200 - facsimile
*Attorney for Defendant, Hopwood Farm LLC*

TO: Plaintiff, McCauley Associates LP
c/o John T. Dooley, Esquire

You are hereby notified to file a written response to the enclosed Answer with New Matter within twenty (20) days from service hereof or a judgment may be entered against you.

/s/ Gregory F. Cirillo
Gregory F. Cirillo, Esquire

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MCCAULEY ASSOCIATES, LP, | : |
| Plaintiffs, | : No. 2012-24034 |
| vs. | : |
| HOPWOOD FARMS, LLC, | : JURY TRIAL DEMANDED |
| Defendant. | : |

### DEFENDANT'S ANSWER AND NEW MATTER TO PLAINTIFFS' COMPLAINT

Defendant Hopwood Farms, LLC ("Defendant") answers and asserts New Matter to the Complaint of plaintiff McCauley Associates LP ("Plaintiff") as follows:

1. Admitted upon information and belief.

2. Admitted.

3. Admitted in part; denied in part. It is admitted that Defendant executed a Note and Mortgage, both dated December 15, 2005. To the extent Plaintiff has attempted to characterize the terms thereof, the Note and Mortgage are writings that speak for themselves, and Plaintiff's characterization of their terms is therefore denied.

4. Admitted in part; denied in part. It is admitted that Defendant executed a Mortgage dated December 15, 2005. To the extent Plaintiff has attempted to characterize the

Case# 2012-24034-4 Received at Montgomery County Prothonotary on 10/26/2012 10:06 AM, Fee = $0.00

9986518_1

terms thereof, the Mortgage is a writing that speak for itself, and Plaintiff's characterization of its terms is therefore denied.

5. Admitted upon information and belief.

6. Denied. The assignment referenced herein is a writing that speaks for itself, and Plaintiff's characterization thereof is denied.

7. Denied. The assignment referenced herein is a writing that speaks for itself, and Plaintiff's characterization thereof is denied. By way of further answer, Exhibit D does not evidence an assignment of the Note.

8. Admitted.

9. Admitted.

10. Admitted in part, denied in part. It is admitted that Defendant is presently in default. It is specifically denied, however, that Defendant defaulted on the date alleged, January 15, 2006. Defendant demands strict proof at trial. Plaintiff's characterization of the Note, a writing that speaks for itself, is also denied.

11. Denied. After reasonable investigation, Defendant is unable to determine whether these amounts have been properly alleged, due in large part to Plaintiff's failure to allege a correct date of default. Each line item amount alleged is therefore specifically denied, and strict proof is demanded at trial.

12. Denied as a legal conclusion.

13. Denied. After reasonable investigation, Defendant is unable to determine whether the notice attached to the Complaint was received. Defendant demands strict proof at trial. By way of further answer, and as more particularly alleged in the Defendant's New Matter, Plaintiff

Case# 2012-24034-4 Received at Montgomery County Prothonotary on 10/26/2012 10:06 AM, Fee = $0.00

9986518_1

2

does not have standing to declare a default in this case because he does not own the Note secured by the Mortgage.

14. Admitted, upon information and belief.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter judgment in its favor against Plaintiff together with fees, costs and any other and further relief this Court may deem just and appropriate.

## NEW MATTER

15. Defendant incorporates by reference its answers set forth in the preceding paragraphs as though set forth in full herein.

16. Plaintiff's claims are barred by the doctrine of waiver.

17. Plaintiff's claims are barred by the doctrine of estoppel.

18. Plaintiff's claims are barred by the doctrine of unclean hands.

19. Plaintiff violated his fiduciary and contractual obligations as Manager of Defendant by acquiring the Mortgage for itself, rather than for the Defendant, and by initiating these foreclosure proceedings. Plaintiff is presently still the Manager of Defendant and has an ownership interest in Defendant. Plaintiff is therefore in the impossible position of filing these foreclosure proceedings and having responsibility for ensuring that these proceedings are defended.

20. Plaintiff does not have standing to bring this action.

21. The assignment attached to the Complaint as Exhibit D does not evidence an assignment to the Plaintiff of the Note secured by the Mortgage.

22. Because Plaintiff does not hold both the Note and Mortgage, it does not have standing to bring this action.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter judgment in its favor against Plaintiff together with fees, costs and any other and further relief this Court may deem just and appropriate.

Respectfully submitted,

BY: /s/ Gregory F. Cirillo
  Gregory R. Cirillo, Esquire
  Jordan M. Rand, Esquire
  **DILWORTH PAXSON LLP**
  *Attorney for Defendant, Hopwood Farm LLC*

Dated: October 26, 2012

Case# 2012-24034-4 Received at Montgomery County Prothonotary on 10/26/2012 10:06 AM, Fee = $0.00

## VERIFICATION

I, David C. Marchese, verify that I am authorized to make this verification on behalf of Hopwood Farms LLC and that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

*[signature]*

David Marchese

Dated: 10/25/12

Case# 2012-24034-4 Received at Montgomery County Prothonotary on 10/26/2012 10:06 AM, Fee = $0.00

9986518_1