# EXHIBIT "G"

EXECUTION COPY

# AFFIDAVIT OF GERALD MULLANEY

COMMONWEALTH OF PENNSYLVANIA  :
                              : ss.
COUNTY OF MONTGOMERY           :

Gerald Mullaney, being duly sworn according to law, deposes and says as follows:

1. I am a member of Hopwood Farm, LLC ("Hopwood") and I also am individually a defendant in the adversary proceeding styled *Seitz v. McCauley, et al.*, Adversary Proceeding No. 17-189-ELF, currently pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania. I submit this affidavit on my own behalf.

2. As confirmed by its certificate of organization, Hopwood is a manager-managed Pennsylvania limited liability company that was formed on October 27, 2005.

3. James McCauley was never either a member or manager of Hopwood.

4. From the inception of Hopwood until my resignation on February 23, 2012, I was the manager of Hopwood. A copy of my resignation was delivered to all of the members of Hopwood, including the David C. Marchese, by email on February 23, 2012.

5. To the best of my knowledge, at no point in time did the Members of Hopwood, including the Debtor, vote to appoint any other person as the Manager of Hopwood.

6. The total purchase price for the Hopwood Property was $1,900,000 and, to fund the remainder of the purchase price above contributions of members, Hopwood borrowed $1,235,000.00 from Harleysville National Bank (the "Loan").

7. The intention of Hopwood was to develop the Hopwood Property with residential housing, but by 2008, Hopwood was experiencing difficulties with the local governmental authorities in connection with the costs to develop the Hopwood Property as well as the historic crash of the real estate market.

EXECUTION COPY

8. Hopwood was unable to pay the monthly payments on the Loan by 2010 and the Loan fell into default and the lender was preparing to exercise its rights, including to collect from the guarantors of the loan, which included MALP and me personally, as well as Marchese.

9. Moreover, David Marchese, by this time was apparently embroiled in certain family disputes and was no longer able to provide monies to Hopwood to fund its expenses.

10. The members of Hopwood, including Marchese engaged in many discussions seeking to find a solution that would save Hopwood and the Hopwood Property and the members agreed that the solution would be to find replacement financing, if available, as none of the members were willing or able to contribute additional capital to Hopwood under terms that were agreeable to all members. These discussions began immediately upon the default on the Loan and continued into the summer of 2011.

11. Despite numerous efforts to find replacement financing for Hopwood, financing was not available to Hopwood and Hopwood was otherwise unable to fund any resolution of its default situation regarding the Loan, including a purchase of the Loan from the then holder, American.

12. During this time period, Hopwood made application to no less than five lenders for replacement financing, all of which were denied.

13. Despite numerous negotiations with American for forbearance, the negotiations ultimately were unsuccessful.

14. Hopwood was not financially able to avail itself of any opportunity to save the project or the property or to purchase the loan.

15. At no point in time did anyone obtain authorization to file any lawsuit against any of the defendants on behalf of Hopwood.

EXECUTION COPY

16. Only Martin Mullaney and Paul Newlin are members who can be said to have no interest in the outcome of the adversary proceeding.

17. I am not aware that either Martin Mullaney or Paul Newlin authorized the filing of the Amended Complaint by the Trustee.

18. At no point in time did anyone make a demand on me to file a lawsuit asserting any of the claims asserted by the trustee in this adversary proceeding.

_____
Gerald Mullaney

Dated: January 10, 2019

COMMONWEALTH OF PENNSYLVANIA   :
                              : ss.
COUNTY OF MONTGOMERY          :

On this, the __10__ day of January, 2019, before me, a Notary Public in and for the Commonwealth of Pennsylvania, personally appeared Gerald Mullaney, who acknowledged himself to be the person whose name is subscribed to the within Affidavit and executed the foregoing Affidavit for the purposes therein contained on behalf of himself and desired that the same be recorded as such.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public
My Commission Expires

Commonwealth of Pennsylvania - Notary Seal
Debra R. McGaughey, Notary Public
Montgomery County
My commission expires May 30, 2022
Commission number 1107534
Member, Pennsylvania Association of Notaries